```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


MICHAEL A. GONZALES,              §
TDCJ-CID NO. 1106972,             §
                                  §
              Petitioner,         §
                                  §
v.                                §
                                  §   CIVIL ACTION NO. H-08-2627
NATHANIEL QUARTERMAN, Director,   §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
              Respondent.         §
```

## MEMORANDUM OPINION AND ORDER

Michael A. Gonzales, proceeding pro se and in forma pauperis, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 challenging the procedure followed by the Texas Board of Pardons and Paroles in denying him parole and the state district court's denial of his request for an evidentiary hearing (Docket Entry No. 1). Pending before the court is Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 11). For the reasons stated below, Quarterman's Motion for Summary Judgment will be granted, and Gonzales's Petition for a Writ of Habeas Corpus will be denied.

### I.  Background

Petitioner, Michael A. Gonzales, is an inmate confined by the Texas Department of Criminal Justice, Institutional Division

(TDCJ-ID) pursuant to his conviction and sentencing in 2002 for aggravated robbery with an affirmative finding of a deadly weapon. Pursuant to a plea bargain, Gonzales was sentenced to twelve years in prison on June 6, 2002. A procedural history of Gonzales's conviction and sentence is not necessary because he is not challenging his conviction or sentence, but is challenging the actions of the Texas Board of Pardons and Paroles (the "Board") regarding the Board's denial of his release on parole and the state district court's denial of his request for an evidentiary hearing.

On November 20, 2007, Gonzales was informed that he was reviewed for, but denied, release on parole.[1] Gonzales filed a timely Application for a Writ of Habeas Corpus in state court in which he asserted a violation of his rights to due process based on the Board's failure to comply with the amended Parole Guidelines, and he sought an evidentiary hearing.[2] The state trial court issued Findings of Fact and Order recommending that the habeas petition be denied.[3] The Texas Court of Criminal Appeals followed this recommendation and dismissed petitioner's application without a written order.[4] On August 25, 2008, Gonzales filed this federal

---

[1] Ex parte Gonzales, No. WR-69,976-01, at 25 (Tex. Crim. App. July 18, 2008).

[2] Ex parte Gonzales, No. WR-69,976-01, at 6-7 (Tex. Crim. App. July 18, 2008).

[3] Ex parte Gonzales, No. WR-69,976-01, at 35-6 (Tex. Crim. App. July 18, 2008).

[4] Ex parte Gonzales, No. WR-69,976-01, at second unnumbered page (Tex. Crim. App. July 18, 2008).

Petition for a Writ of Habeas Corpus by a Person in State Custody.[5] In his petition he raises the same claims that he raised in his state application.

Respondent concedes that petitioner has exhausted his claims in state court.[6]

## II.   Standard of Review

**A.   Summary Judgment**

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986). Once the movant has met this burden, the

---

[5] Petitioner Gonzales's Petition for a Writ of Habeas Corpus with Brief in Support, Docket Entry No. 1, p. 7.

[6] Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 11, p. 3.

non-movant must establish that there is a genuine issue for trial. See Anderson, 106 S.Ct. at 2511.  If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. FED. R. CIV. P. 56(c).

**B.   Presumptions Applied in Habeas Cases**

When considering a summary judgment motion, the court usually resolves any doubts and draws any inferences in favor of the nonmoving party.  Anderson, 106 S.Ct. at 2513.  However, the amendments to 28 U.S.C. § 2254 contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") change the way in which courts consider summary judgement in habeas cases.

In a habeas proceeding, 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be correct."  This statute overrides the ordinary summary judgment rule.  Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S.Ct. 2562, 2565 (2004)).  Similarly, a presumption of correctness applies to "those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."  Williams v. Quarterman, 551 F.3d 352, 358 (5th Cir. 2008) (quoting Valdez v. Cockrell, 274 F.3d 941, 948 n.11 (5th Cir. 2001)).  Therefore, a court will accept any findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence.  Smith, 311 F.3d at 668.

The provisions of section 2254(d) set forth "a highly deferential standard for evaluating state-court rulings." <u>Lindh v. Murphy</u>, 117 S.Ct. 2059, 2066 n.7 (1997). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1519-20 (2000). A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 1523.

### III. <u>Analysis</u>

In his federal petition Gonzales raises the same claim for relief as in his state petition, i.e., Gonzales alleges that his rights to procedural due process were violated when the Board

failed to comply with the amended Parole Guidelines, and that he was entitled to an evidentiary hearing in state court.[7]

## A.   Right to Procedural Due Process

Gonzales claims that his rights to procedural due process under the Fourteenth Amendment were violated.  "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  States can, under certain limited circumstances, create protected liberty interests for prisoners in avoiding particular conditions of confinement.  Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).  However, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 99 S.Ct. 2100, 2104 (1979).  A state statute may create an interest in release on parole, but only if its language is such that it creates an expectancy of release. Id. at 2106.  A parole statute that merely holds out the possibility of parole provides no more than a hope of release, not a liberty interest protected by due process.  Id. at 2105.

---

[7]Petitioner Gonzales's Petition for a Writ of Habeas Corpus with Brief in Support, Docket Entry No. 1, p. 7.

**B.     Parole Board's Alleged Violation of Due Process**

As the basis of his claim, Gonzales asserts that he was denied procedural due process when the Board failed to provide him with a detailed written statement explaining why he was denied parole, and he was instead provided with only a "brief written statement."[8] Gonzales alleges that this failure creates a right to release because the language of the statute that instructs the Board to provide the written explanation is mandatory and because a failure to follow this mandatory language voids the reasons by which parole was denied, leaving the Board with no valid reason for continuing to hold Gonzales in custody.[9]

    1.    <u>No Protected Liberty Interest in Parole in Texas</u>

The Fifth Circuit has expressly held that there is no constitutionally protected liberty interest in parole in Texas because parole is within the total and unfettered discretion of the state.  <u>Teague v. Quarterman</u>, 482 F.3d 769, 774 (5th Cir. 2007) (dicta); <u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir. 1997); <u>Creel v. Keene</u>, 928 F.2d 707, 711-12 (5th Cir. 1991).  Parole is defined in Texas as "the *discretionary* and *conditional* release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under

---

[8] Petitioner Gonzales's Brief in Support of Petition for Writ of Habeas Corpus ("Petitioner Gonzales's Brief"), Docket Entry No. 1, pp. 2-3.

[9] <u>Id.</u> at 5-6.

the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (2004) (emphasis added). Because Gonzales has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995). "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).

Gonzales argues that the legislative changes to TEX. GOV'T CODE § 508.144[10] enacted in 2007 create an expectation of parole and,

---

[10]Section 508.144 reads, in relevant part (2007 additions underlined, redactions struck-out):

(a) The board shall:

    (1) develop according to an acceptable research method the parole guidelines that are the basic criteria on which a parole decision is made;

    (2) base the guidelines on the seriousness of the offense and the likelihood of a favorable parole outcome;

    (3) ensure that the guidelines require consideration of an inmate's progress in any programs in which the inmate participated during the inmate's term of confinement; and

    (4) implement the guidelines.

(b) If a board member or parole commissioner deviates from the parole guidelines in voting on a parole decision, the member or parole commissioner shall:

    (1) produce a ~~brief~~ written statement describing <u>in detail</u> the <u>specific</u> circumstances regarding the departure from the guidelines;

    (2) place a copy of the statement in the file of the inmate for whom the parole decision was made; and

    (3) <u>provide a copy of the statement to the inmate</u>.

therefore, a protected liberty interest under the Fourteenth Amendment.[11] However, "nothing in [§ 508.144] creates a liberty interest." <u>Althouse v. Roe</u>, 542 F.Supp.2d 543, 547 (E.D. Tex. 2008). Both before and after the 2007 changes § 508.144 only requires that the Board create guidelines for making parole decisions and requires that, if those guidelines are deviated from, the inmate be provided with an explanation why the Board members decided the way they did. The statute's requirement that guidelines be created and that deviations from the guidelines be explained predates the decision by the Fifth Circuit in <u>Teague</u>, which reconfirmed (though in dicta) the discretionary nature of parole in Texas. <u>Teague</u>, 482 F.3d at 774. The 2007 amendments to the statute may suggest a state goal in creating a more transparent parole process, but they cannot be construed as creating a presumption in favor of parole. The changes only affect the procedure the Board is to follow after making a decision on parole, and have no substantive effect on the conditional nature of release on parole itself.

Gonzales's contention that the word "shall" in § 508.144(b) is mandatory language that creates a right to parole fails on similar grounds.[12] The clauses that "shall" modifies do not discuss

---

[11]Petitioner Gonzales's Brief, Docket Entry No. 1, p. 2.

[12]Petitioner Gonzales's Brief, Docket Entry No. 1, p. 4, n.1. Gonzales's approach, parsing prison regulations in search of mandatory language that might create a liberty interest, is similar to the approach that the Supreme Court abandoned in
(continued...)

procedures for release on parole, but only affect the procedure the Board must follow after making its discretionary review if the guidelines have not been followed.

### 2. No Evidence the Board Violated Procedure

Gonzales argues that the Board failed to follow the procedure required of it by § 508.144 and that because this procedure is mandatory, he is now entitled to release.[13] As discussed above in § III.B.1., there is no protected interest in parole that would give Gonzales such an entitlement. However, even if there were, Gonzales has failed to show that the Board failed to follow its own guidelines, or that it was inappropriate for the Board to only provide him the "brief written statement." The state courts denied habeas relief on these grounds.[14] Gonzales has failed to present any evidence that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2006). Instead, Gonzales simply argues that the decision was incorrect.[15] This conclusory

---

[12](...continued)
Sandin. Sandin, 115 S.Ct. at 2300. "After Sandin . . . prisoners may no longer peruse state statutes and prison regulations searching for the grail of limited discretion." Orellana, 65 F.3d at 31.

[13]Petitioner Gonzales's Brief, Docket Entry No. 1, p. 5.

[14]Ex parte Gonzales, No. WR-69,976-01, at 35 (Tex. Crim. App. July 18, 2008).

[15]Petitioner Gonzales's Brief, Docket Entry No. 1, p. 2.

statement is insufficient to rebut the presumption of correctness given to state court decisions under the AEDPA. See Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982) (conclusory statements insufficient to raise constitutional issue in habeas cases).

C.     **State Court's Alleged Due Process Violation**

As part of his Due Process claim, Gonzales requested that the state court conduct an evidentiary hearing in order to "expound the facts and find out exactly what are the guidelines, how do they apply to gonzales [sic], what is considered a devation [sic], and why is the Board of pardons [sic] and parole [sic] refusing to comply with the provisions set out in 508.144(b)."[16] The state court denied this request.[17] Gonzales now cites the denial of this

---

[16]Petitioner Gonzales's Brief in Support of State Court Application for a Writ of Habeas Corpus, SCR, Docket Entry No. 9, pp. 8-9.

[17]Ex parte Gonzales, No. WR-69,976-01, at 35-36 (Tex. Crim. App. July 18, 2008). Contrary to Gonzales's argument in his Brief (Docket Entry No. 1, pp. 2-3), the state court did not misunder-stand his request as a request to be present at his parole hearing. Instead, the state court used the fact that parole applicants do not have the right to be present as a reason to deny his request for an evidentiary hearing. The state court found as follows:

> "The Court finds that there are no controverted, previously unresolved facts material to the legality of the Applicant's confinement which require an evidentiary hearing and recommends that the relief requested be denied because. . .
>
> 2. Applicant does not have a right to a hearing or to even be present at the time the Board of Pardons and Paroles determines whether to release him to parole. TEX. GOV'T CODE ANN. § 508.141 (Vernon 2005)."

request as a basis of his federal habeas claim.[18] Gonzales explains that "there is a factual dispute as to wheather [sic] he presented evidence and alleged fact's [sic] in the state court, and [that] if it were resolved in his favor, it would entitle [him] to relief."[19]

Gonzales has failed to show that the state court was incorrect in denying his request for an evidentiary hearing. Under the AEDPA Gonzales must present clear and convincing evidence in order to rebut the presumption of correctness of the state court's finding. Schriro v. Ladrigan, 127 S.Ct. 1933, 1939-40 (2007) ("Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate."). Id. at 1940.

A federal court need only grant an evidentiary hearing when the state court hearing was not full and fair and when the petitioner's factual allegations, if true, would entitle the petitioner to relief. Id. Gonzales argues that because he was not granted an evidentiary hearing at the state court level, his state habeas hearing was not full and fair; and, therefore, the state court finding amounted to an "unreasonable" determination, to which

---

Ex parte Gonzales, No. WR-69,976-01, at 35 (Tex. Crim. App. July 18, 2008).

[18]Petitioner Gonzales's Petition for a Writ of Habeas Corpus with Brief in Support, Docket Entry No. 1, p. 7.

[19]Petitioner Gonzales's Brief, Docket Entry No. 1, p. 8.

-12-

no deference under the AEDPA is due.[20]  However, there is no requirement that a state court must grant an evidentiary hearing in order for a hearing to be full and fair.  Clark v. Johnson, 202 F.3d 760, 766 (5th Cir. 2000) ("[W]e have repeatedly found that a paper hearing is sufficient to afford a petitioner a full and fair hearing. . . .").  Gonzales does not allege any other reason why the state court's determination was not full and fair.

Nor does Gonzales show that the resolution in his favor of the factual claims would be sufficient to afford relief, as required for an evidentiary hearing.  Schriro, 127 S.Ct. at 1940.  The only factual dispute Gonzales presents is whether he presented evidence before the state court.  Because this question can be answered by considering the state record, there is no reason for the court to grant Gonzales's request for an evidentiary hearing.  See id.  The remainder of the claims that Gonzales wishes to have considered at the evidentiary hearing are questions of law, not fact, but would similarly not entitle Gonzales to habeas relief if decided in his favor.

Even if Gonzales had presented some evidence that demonstrated that the Board had in some way violated its own guidelines or had failed to follow the amended statutes, this would still not give him cause for an evidentiary hearing since a determination of such a factual dispute would not entitle him to habeas relief because

---

[20]Petitioner Gonzales's Brief, Docket Entry No. 1, p. 8.

there is no constitutionally protected interest in parole in Texas and, therefore, no possibility of habeas relief on the basis of such a claim.  See Clark, 202 F.3d at 766.

### IV.  **Certificate of Appealability**

Although Gonzales has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA for claims denied on the merits Gonzales must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S.Ct. 2562, 2569 (2004).  To make such a showing Gonzales must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S.Ct. at 2569.  When the court denies relief based on procedural grounds and does not reach the petitioner's underlying constitutional claim, the petitioner must show that "jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right," and that they "would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).  For the reasons stated in this Memorandum Opinion and Order, Gonzales has not made a substantial showing of a denial of a constitutional right, nor has he shown that a jurist of reason

would debate whether the procedural rulings in this case are correct. Accordingly, a Certificate of Appealability will not issue in this case.

## V. Conclusion

For the reasons explained above, the court concludes that there is no constitutionally protected right to release on parole in Texas, and the amendments to TEX. GOV'T CODE § 508.144 do not create one. Because no violation of Gonzales's constitutional rights occurred in the procedure by which he was denied parole, he is not entitled to relief. Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 11) is therefore **GRANTED**, and Gonzales's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 22nd day of July, 2009.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE